ALICE M. BATCHELDER, Circuit Judge,
concurring in the judgment.
CONCURRENCE
Because this court is bound by its recent precedent in Berera v. Mesa Medical Group, 779 F.3d 352 (6th Cir.2015), I concur in the judgment of -this panel. Nevertheless, I write separately to express my strong disagreement with the rationale upon which this case and the Berera case rest.
Ednacot’s complaint alleged breach of contract, conversion, fraud, negligence, and a violation of Kentucky’s wage laws. In order for the federal district court to have jurisdiction over the case, the court had to recast that complaint into one claiming a federal tax refund. While there may be cases in which such a reconstruction is proper in light of the artful pleading doctrine, this is not such a case. The specter of a tax refund claim only arises from the secondary fact that Mesa Medical Group used the money it skimmed — i.e., stole — from Ednacot’s wages to pay the employer’s — i.e., Mesa Medical’s — share of "FICA and FUTA taxes! But what a thief does with his loot is immaterial to the victim’s claim against him.
By reclassifying this as a tax refund claim, we force Ednacot — like other similarly unfortunate employees — to seek an administrative remedy with the IRS. But Ednacot has no complaint against the IRS, and the IRS has no reason to grant a refund. The FICA taxes that were due for Ednacot’s employment — both the employee’s and employer’s shares — have been paid. In fact, Ednacot positively does not want a tax refund, since such a refund would mean that she has an unpaid tax liability and her benefits are no longer properly covered. Essentially, a tax refund would mean she has recouped her skimmed wages at the cost of her benefit coverage.
Moreover, it is not the IRS’s concern if the funds with which these taxes were paid were somehow tainted. If the IRS is the bona fide receiver of tax payments consisting of skimmed wages, there is no authority that requires the IRS to refund those taxes — which were in fact due — and then recoup the balance from the miscreant employer. The employee’s only chance of remedy lies with the employer, not with the IRS. Yet the court’s disposition of this case precludes an action by the employee against the employer wherever the employer claims to have used the skimmed funds to pay its taxes.
It is true that the protections of § 7422(a) have been extended to shield airline companies to the extent that they “effectively act as agents for the IRS by collecting excise taxes from passengers.” Mikulski v. Centerior Energy Corp., 501 F.3d 555, 564-65 (6th Cir.2007). But the position of an employer who concocts a scheme to cover its own tax liability by skimming funds from its employees’ wages is entirely different from the position of an airline company that was specifically entrusted with the responsibility of collecting taxes for the IRS. Berera forces us to treat these disparate situations as being the same. Essentially, the Berera line of reasoning deputizes every employer to enjoy the same immunity that the United States government enjoys under 26 U.S.C. § 7422(a). Rather than filing suit against the employer-who would now be regarded *641 as acting as an agent of the IRS — the employee must file for an administrative remedy with the IRS. And we are assured that the IRS will chasten the sticky-fingered employer. Even if this is not an empty assurance, it hardly seems like the proper solution.
Furthermore, even if Mesa Medical Group is supposed to be treated as an agent of the IRS (insofar as it is required to collect and pay FICA and FUTA taxes on behalf of its employees), then the proper remedy is still not for Ednaeot to file a tax refund claim with the IRS. Rather, this ease would fall under 26 U.S.C. § 7433, which creates a cause of action for civil damages for certain unauthorized collection actions, assuming that Mesa Medical’s action can be thus characterized.
There is no reason to recast a very simple state law claim as a highly complicated federal tax refund claim. In the end, such a reconstruction leaves the plaintiffs without any plausible avenue for redress and it federalizes an entire class of cases that should properly remain within the jurisdiction of the state courts.